Levin & Dicterow
William E. Levin, SB No. 104,631
williamlevin@hotmail.com
668 N. Coast Highway, Suite 1264
Laguna Beach, CA 92651
949-613-5131

Attorney for Plaintiffs,
VBS Distribution, Inc., and VBS Television, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VBS Distribution, Inc., a California corporation, and VBS Television, Inc., a California corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>Nutrivita Laboratories Inc., a California corporation, Nutrivita, Inc., a California corporation, US Doctors' Clinical, Inc., a California corporation (or dba), Robinson Pharma, Inc., a California corporation, KVLA, Inc., a California corporation, Tuong Nguyen, an individual domiciled in California, Tram Ho, an individual domiciled in California, Jenny Do aka Ngoc Nu, an individual domiciled in California, and Does 1-10 Inclusive,<br><br>    Defendants. | **Civil Case No.**<br>**8:16-cv-01553-CJC-DFMx**<br>HON. CORMAC J. CARNEY<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION;**<br><br>**[Memorandum of Points and Authorities, Declaration of Joseph Nguyen, Declaration of Madalyn Huynh, Declaration of Peter Vo, Declaration of Hau Thi Tran, Declaration of Thu Thi Nguyen, List of Exhibits, and (Proposed) Order filed herewith]**<br><br>**Date:   January 16, 2016**<br>**Time:   1:30 P.M.**<br>**Ctrm: 9B** |

Notice of Motion and Motion for Preliminary Injunction

1



Notice of Motion and Motion for Preliminary Injunction

Although not required for applications for preliminary injunctions, this motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on October 25, 2016.

TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Monday, January 19, 2016 at 1:30 p.m., at the United States District Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, California 92701, Courtroom 9B, 9th Floor, before the Honorable Cormac J. Carney, Plaintiffs VBS Distribution, Inc., and VBS Television, Inc. (collectively "VBS" or the "Plaintiffs"), by and through their counsel, Levin & Dicterow, will apply and do hereby apply for expedited discovery, and a preliminary injunction as follows:

B. That the Court hereby preliminarily **RESTRAINS AND ENJOINS,** until the trial of the matter in this case, each of the Show Defendants, their agents, servants, employees, attorneys, and all others in active concert or participation with them, from any of the following:

(1) Accessing, misappropriating, stealing, disclosing, sharing, copying, infringing, divulging, making known to any other business or individual, or of making any use whatsoever, or continuing to use in any way or used any material based in any way on, VBS's confidential or trade secret information defined as including VBS Television's confidential customer lists, employee vendor lists, marketing strategies, pricing, cost, profit margin, or sales information, or any of the information contained in such lists, such as customer's names, addresses, phone numbers or other contact information, including cell phones and email addresses, or purchase or product history, or such information for VBS' employees or vendors.

(2) Offering for sale, soliciting sales, advertising or promoting any products or services, in any medium --including without limitation via telephone, text, email, or networking broadcast-- or selling any products, to any person identifiable or

identified in the confidential customer lists of VBS, unless Defendants can prove that such customers were customers of the Defendants before they became customers of VBS.

(3) Having the Defendant Tram Ho appear on or in connection with the Defendants' Show, or in any way be involved in the production, marketing, or promoting or advertising of Defendants' Show or the products promoted or offered for sale on that Show, or any similar type of show on KVLA.

(4) Continuing to employ, or employing, or soliciting for employment by Defendants, any current or former employees of VBS, for a period of two years from the date of this Order, including but not limited to Defendant Tram Ho.

(5) Using, promoting, advertising, or marketing the Show trade dress as defined above, or any trade dress that is confusingly or substantially similar to VBS Television's trade dress of their television show "Fight Price On TV," also known as, (in Vietnamese) "DAU GIA TREN TRUYEN HINH" (the "Show"), which trade dress or show in any way relates to the sale, offering for sale over television or internet, of jewelry.

(6) Continuing to offer, display, promote, advertise, market, or provide, the Defendants' Show, without substantially changing all of the following elements of Defendants' Show: the hostess Tram Ho; the same vendor who previously appeared on the VBS' Show; the same time slot as the VBS' show, changing it by at least a two hour difference; the two hour duration of the show (changing it by at least 30 minutes shorter or longer); the same pricing format; the number of items from about 30 items, to at least 40% more or less items; the same current price range of the products shown; and the same or a substantially similar camera techniques developed by VBS; using only the contrasting alternating week days (Monday, Wednesday, and Friday) on which the VBS show does not appear (Tuesday and Thursday); and, copying any future changes made in the VBS' show, such as extending by the same hours the same holidays and offer the same types of discounts

in the same ways for those special shows; and, using any of VBS' former employees, vendors, or independent contractors, on or in connection with the Defendants' Show.

(7) Failing to immediately identify and deliver, within 72 hours, to Plaintiffs' attorneys of record, Levin & Dicterow, all data, information, material, documents, and files containing any of VBS's confidential customer, vendor lists, employee lists, marketing strategies which are in the control, custody, or possession of Defendants or any of them, and specifically including the names, ID Nos., addresses, contact information, or purchase histories, for any such customers, vendors, or employees, or continuing to retain any of these items, or to use them in any way, or disclose them to any others.

(8). Failing to immediately identify and deliver, within 72 hours, to Plaintiffs' attorneys of record, Levin & Dicterow, a complete customer list of the Show Defendants for the Defendants' Show, and any prospective customer or prospect list for the Defendants' Show, not to be disclosed in any way to Plaintiffs, so that Plaintiffs' counsel may compare such lists with Plaintiffs' customer lists and identify any and all of Plaintiffs' Show customers who now appear on Defendants' customer or prospective customer lists, and then disclose to this Court and to Plaintiffs all common customers on such lists, that is, who are actual customers already of Plaintiffs for their Show.

C. Further, that the Court hereby preliminarily RESTRAINS AND ENJOINS the Supplement Defendants, their agents, servants, employees, attorneys, and all others in active concert or participation with them, from any of the following:

(1). Engaging in the dissemination or the causing of the dissemination of any advertisement, promotional or marketing materials, or any claims related to the Arthro-7 product, stating, containing statements, or implying any of the following

Notice of Motion and Motion for Preliminary Injunction

5

about its product: (i) "100% Natural," (ii) "100% Herbal," or (iii) "100% Natural Herbal," or similar statements or representations (iv) "Over 8 Million Sold" or any other amount, or similar statements or representations, except and unless such claim is first proven with documented evidence submitted to the Court and VBS, (v) that any person appearing, mentioned, referenced in, or endorsing Arthro-7 is a medical doctor unless such person is in fact a properly licensed medical doctor, or (vi) any endorsements, recommendations, sponsorship, or affiliation with any third party, including but not limited to "Dr." John F. Hahn, unless it is also stated in very prominent and bold print that such individual or entity is in fact being paid by the appropriate Supplement Defendants for such endorsement, recommendation, sponsorship, or affiliation, and such disclosure shall be at least as prominent and large and conspicuous as the largest, boldest, most prominent or conspicuous statements about the endorsement, recommendation, sponsorship, or affiliation of any such third parties, including but not limited to "Dr." John F. Hahn.

      D.    That the Court hereby orders expedited discovery such that the parties may immediately commence up to 5 depositions per side, for not more than 8 hours per deponent, and not more than 30 document requests, and 30 interrogatories, per side, prior to the early meeting of counsel or other normal conference or meeting requirements, and shall use their best efforts to cooperate with the entry of an appropriate two-tier protective order for discovery.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the [Proposed] Order; the Declaration of Joseph Nguyen, Declaration of Madalyn Huynh, Declaration of Peter Vo, Declaration of Hau Thi Tran, the Declaration of Thu Thi Nguyen, and the List of Exhibits (the "Moving Papers") filed in support hereof, all pleadings and papers on file in this action, and upon such other documentary and verbal evidence as may be presented to the Court.

Respectfully submitted,

DATED: December 19, 2016

LEVIN AND DICTEROW

By: /s/ William E. Levin
William E. Levin
Attorney for Plaintiffs,
VBS DISTRIBUTION, INC. AND VBS TELEVISION, INC.

Notice of Motion and Motion for Preliminary Injunction