Levin & Dicterow
William E. Levin, SB No. 104,631
williamlevin@hotmail.com
668 N. Coast Highway, Suite 1264
Laguna Beach, CA 92651
949-613-5131

Attorney for Plaintiffs,
VBS Distribution, Inc., and VBS Television, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VBS Distribution, Inc., a California corporation, and VBS Television, Inc., a California corporation<br><br>Plaintiffs,<br><br>v.<br><br>Nutrivita Laboratories Inc., a California corporation, Nutrivita, Inc., a California corporation, US Doctors' Clinical, Inc., a California corporation (or dba), Robinson Pharma, Inc., a California corporation, KVLA, Inc., a California corporation, Tuong Nguyen, an individual domiciled in California, Tram Ho, an individual domiciled in California, Jenny Do aka Ngoc Nu, an individual domiciled in California, and Does 1-10 Inclusive<br><br>Defendants. | **Civil Case No.**<br>**8:16-cv-01553-CJC-DFMx_____**<br>Hon. Cormac J. Carney<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

## ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs VBS Distribution, Inc., and VBS Television, Inc. (together, "VBS" or the "Plaintiffs") have moved for a preliminary injunction against Defendants Tuong Nguyen, KVLA, Inc., Jenny Do a/k/a Ngoc Nu, and Tram Ho, (collectively the "Show Defendants"); Defendants Nutrivita Laboratories Inc., Nutrivita, Inc., US Doctors' Clinical, Inc., Robinson Pharma, Inc.,  and Tuong Nguyen (collectively, the "Supplement Defendants"); and their officers, directors, agents, servants, employees, and attorneys and all persons in active concert or participation with them, from any of the acts set forth below.

In 2011, VBS created a commercial television live auction show named "DAUGIA TREN TRUYEN HINH" ("Fight Price on Television")("the Show.").

As defined and identified in VBS' First Amended Complaint (FAC, ¶ 22), its trade dress for its Show ("the Show trade dress") is described as follows:

> "The Show is a live auction program, with unique identifying
> characteristics, which primarily auctions jewelry, particularly
> diamonds. Some of these unique characteristics include the
> following: a) the unique style and format of the show, b) its
> time slot and date selection, each week on alternate weekdays,
> from 5 to 7 p.m., on Tuesdays and Thursdays, c) the price range
> for its auctioned items, ranging from about $300 to $3000, d) its
> "least to most expensive" format in which the least expensive
> items are sold first, ascending to the most expensive items at
> the end of the show, e) the length of the show, 2 hours, f) its
> focus on live TV auctions of jewelry, particularly diamonds, g)
> its carefully selected vendors, who appear on the show with the
> show's host, h) unique and proprietary camera angle and special

lighting techniques developed by Plaintiffs using an Apple ipad tablet, [and] i) the number and selection of items sold, usually about 30 items.").

As this Court described the Show Defendants' show and the allegedly infringing show ("Defendants' Show" or the "Infringing Show") in its previous Order (Dkt. 33):

> In spring 2016, VBS discovered Defendant Tram Ho "advertising on KVLA," VBS' competitor, for a show entitled "Diamond at a Surprise Low Price." (*Id.* ¶ 51.) She was at that time still employed by VBS. (*Id.* ¶ 51.) The new show, which first broadcast on June 1, 2016, "is essentially a complete copy of [VBS' show] and is intentionally designed and intended to cause confusion to Vietnamese and other viewers so that they are likely to believe that they are watching [VBS' show], or that there issome affiliation, relationship, license, endorsement, or sponsorship between" the shows. (*Id.* ¶¶ 52, 54.) "Among the areas of duplicity are the following: same hostess, same vendors (some), same unique style as provided by the same technician, same time slot of 5:00 pm–7:00 pm, but on Mondays, Wednesdays and Friday, whereas [VBS' show] is on Tuesdays and Thursdays, the least to most expensive format, the same auctioning of approximately 30 items each show, the content is virtually identical, and the price range of products is virtually identical ($300–$3,000)." (*Id.* ¶ 55.)

For the reasons stated below, the Court **grants** the Plaintiffs' motion for preliminary injunction, and **grants** Plaintiffs' request for expedited discovery.

In sum, the Court finds that:

[Proposed] Preliminary Injunction Order

3

1) VBS has shown a likelihood of prevailing at trial on its primary claims, including its claims of unfair competition, trade secret misappropriation, trade dress infringement, false advertising, interference with contracts, and other related claims;

2) VBS has shown that Plaintiffs are likely to suffer irreparable injury if this Court does not issue a preliminary injunction;

3) The balance of the equities favors VBS; and,

4) A preliminary injunction is in the public's interests.

This Court has already summarized the facts alleged in the First Amended Complaint and the various claims of the Plaintiffs, and Defendants' position on their motion to dismiss, in its Order dated December 1, 2016. (Dkt. 33), adopted herein by reference, and the same definitions are adopted herein and as set forth above.

Having reviewed and considered all of the documents filed in support of, and in opposition to this motion, and being fully advised, the Court hereby **ORDERS AND ADJUDGES AS FOLLOWS**:

A.  Plaintiffs are entitled to preliminary injunctive relief, with a bond in the amount of $ _____, and the Court **GRANTS** the VBS' motion as set forth herein.

B. The Court hereby preliminarily **RESTRAINS AND ENJOINS,** until the trial of the matter in this case,  each of the  Show Defendants, their agents, servants, employees, attorneys, and all others in active concert or participation with them, from any of the following:

(1) Accessing, misappropriating, stealing, disclosing, sharing, copying, infringing, divulging, making known to any other business or individual, or of making any use whatsoever,  or continuing to use in any way or used any material based in any way on, VBS's confidential or trade secret information defined as

[Proposed] Preliminary Injunction Order

4

including VBS Television's confidential customer lists, employee vendor lists, marketing strategies, pricing, cost, profit margin, or sales information, or any of the information contained in such lists, such as customer's names, addresses, phone numbers or other contact information, including cell phones and email addresses, or purchase or product history, or such information for VBS' employees or vendors.

(2)  Offering for sale, soliciting sales, advertising or promoting any products or services, in any medium --including without limitation via telephone, text, email, or networking broadcast-- or selling any products, to any person identifiable or identified in the confidential customer lists of VBS, unless Defendants can prove that such customers were customers of the Defendants before they became customers of VBS.

(3)  Having the Defendant Tram Ho appear on or in connection with the Defendants' Show, or in any way be involved in the production, marketing, or promoting or advertising of Defendants' Show or the products promoted or offered for sale on that Show, or any similar type of show on KVLA.

(4) Continuing to employ, or employing, or soliciting for employment by Defendants, any current or former employees of VBS, for a period of two years from the date of this Order, including but not limited to Defendant Tram Ho.

(5) Using, promoting, advertising, or marketing the Show trade dress as defined above, or any trade dress that is confusingly or substantially similar to VBS Television's trade dress of their television show "Fight Price On TV," also known as, (in Vietnamese) "DAU GIA TREN TRUYEN HINH" (the "Show"), which trade dress or show in any way relates to the sale, offering for sale over television or internet, of jewelry.

(6)  Continuing to offer, display, promote, advertise, market, or provide, the Defendants' Show, without substantially changing all of the following elements of Defendants' Show: the hostess Tram Ho; the same vendor who previously appeared on the VBS' Show; the same time slot as the VBS' show, changing it by at least a

[Proposed] Preliminary Injunction Order

two hour difference; the two hour duration of the show (changing it by at least 30 minutes shorter or longer); the same pricing format; the number of items from about 30 items, to at least 40% more or less items; the same current price range of the products shown; and the same or a substantially similar camera techniques developed by VBS; using only the contrasting alternating week days (Monday, Wednesday, and Friday) on which the VBS show does not appear (Tuesday and Thursday); and, copying any future changes made in the VBS' show, such as extending by the same hours the same holidays and offer the same types of discounts in the same ways for those special shows; and, using any of VBS' former employees, vendors, or independent contractors, on or in connection with the Defendants' Show.

(7) Failing to immediately identify and deliver, within 72 hours, to Plaintiffs' attorneys of record, Levin & Dicterow, all data, information, material, documents, and files containing any of VBS's confidential customer, vendor lists, employee lists, marketing strategies which are in the control, custody, or possession of Defendants or any of them, and specifically including the names, ID Nos., addresses, contact information, or purchase histories, for any such customers, vendors, or employees, or continuing to retain any of these items, or to use them in any way, or disclose them to any others.

(8). Failing to immediately identify and deliver, within 72 hours, to Plaintiffs' attorneys of record, Levin & Dicterow, a complete customer list of the Show Defendants for the Defendants' Show, and any prospective customer or prospect list for the Defendants' Show, not to be disclosed in any way to Plaintiffs, so that Plaintiffs' counsel may compare such lists with Plaintiffs' customer lists and identify any and all of Plaintiffs' Show customers who now appear on Defendants' customer or prospective customer lists, and then disclose to this Court and to Plaintiffs all common customers on such lists, that is, who are actual customers

[Proposed] Preliminary Injunction Order

6

already of Plaintiffs for their Show.

C. Further, the Court hereby preliminarily RESTRAINS AND ENJOINS the Supplement Defendants, their agents, servants, employees, attorneys, and all others in active concert or participation with them, from any of the following:

(1). Engaging in the dissemination or the causing of the dissemination of any advertisement, promotional or marketing materials, or any claims related to the Arthro-7 product, stating, containing statements, or implying any of the following about its product: (i)   "100% Natural," (ii) "100% Herbal," or (iii) "100% Natural Herbal," or similar statements or representations (iv) "Over 8 Million Sold" or any other amount, or similar statements or representations, except and unless such claim is first proven with documented evidence submitted to the Court and VBS, (v) that any person appearing, mentioned, referenced in, or endorsing Arthro-7 is a medical doctor unless such person is in fact a properly licensed medical doctor, or (vi) any endorsements, recommendations, sponsorship, or affiliation with any third party, including but not limited to "Dr." John F. Hahn, unless it is also stated in very prominent and bold print that such individual or entity is in fact being paid by the appropriate Supplement Defendants for such endorsement, recommendation, sponsorship, or affiliation, and such disclosure shall be at least as prominent and large and conspicuous as the largest, boldest, most prominent or conspicuous statements about the endorsement, recommendation, sponsorship, or affiliation of any such third parties, including but not limited to "Dr." John F. Hahn.

D.   The Court hereby also grants VBS' request for expedited discovery, and orders expedited discovery such that the parties may immediately commence up to 5 depositions per side, for not more than 8 hours per deponent, and not more than 30 document requests, and 30 interrogatories, per side, prior to the early meeting of counsel or other normal conference or meeting requirements, and shall use their

best efforts to cooperate with the entry of an appropriate two-tier protective order for discovery.


Dated:   January  __, 2016                    _____

                                         HON. CORMAC J. CARNEY

                                         UNITED STATES DISTRICT JUDGE

[Proposed] Preliminary Injunction Order

8