UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| VBS DISTRIBUTION, INC., a California corporation, and VBS TELEVISION, INC., a California corporation,<br><br>            Plaintiffs,<br><br>      v.<br><br>NUTRIVITA LABORATORIES, INC., NUTRIVITA, INC., US DOCTORS' CLINICAL, INC., ROBINSON PHARMA, INC., KVLA, INC., TUONG NGUYEN, TRAM HO, and JENNY DO a/k/a NGOC NU,<br><br>            Defendants. | Case No.: SACV 16-01553-CJC(DFMx)<br><br><br>ORDER GRANTING PLAINTIFFS' MOTION TO FILE A THIRD AMENDED COMPLAINT AND DENYING DEFENDANTS' MOTIONS |

## I. INTRODUCTION

Plaintiffs VBS Distribution, Inc. and VBS Television, Inc. bring this action against Defendants Nutrivita Laboratories, Inc., Nutrivita, Inc., US Doctors' Clinical, Inc., Robinson Pharma, Inc., KVLA, Inc., Tuong Nguyen, Tram Ho, and Jenny Do a/k/a Ngoc Nu.  According to the operative Second Amended Complaint ("SAC"), Defendants have engaged in unfair business practices by selling a nutritional supplement and producing a television program that allegedly infringe on Plaintiffs' own nutritional supplement and television program.  (*See generally* Dkt. 39 [SAC].)

Based on this alleged infringement, Plaintiffs bring the following causes of action against some or all of the Defendants: (1) unfair competition under the Lanham Act, 15 U.S.C. § 1125, (*id.* ¶¶ 109–13); (2) false advertising under the Lanham Act, 15 U.S.C. § 1125, (*id.* ¶¶ 114–18); (3) unfair competition, false advertising, and unfair and deceptive trade practices under California common law, (*id.* ¶¶ 119–20); (4) theft of trade secrets under the Defend Trade Secrets Act, 18 U.S.C. §§ 1832 *et seq.*, (*id.* ¶¶ 121–22); (5) theft of trade secrets under the California Uniform Trade Secrets Act, Cal. Civil Code §§ 3426 *et seq.*, (*id.* ¶¶ 123–24); (6) copyright infringement under 17 U.S.C. §§ 101 *et seq.*, 501 *et seq.*, (*id.* ¶¶ 125–29); (7) trade dress infringement under the Lanham Act, 15 U.S.C. § 1125, (*id.* ¶¶ 130–31); (8) trade dress infringement under California statutory and common law, (*id.* ¶¶ 132–35); (9) antitrust and restraint of trade under 15 U.S.C. §§ 1, 2, (*id.* ¶¶ 136–37); (10) antitrust and restraint of trade under the California Cartwright Act, Cal. Bus. & Prof. Code §§ 16700 *et seq.*, (*id.* ¶¶ 138–39); (11) interference with contractual relationships under California law, (*id.* ¶¶ 140–41); (12) interference with prospective economic advantage under California law, (*id.* ¶¶ 142–43); (13) civil conspiracy under California law, (*id.* ¶¶ 144–45); and (14) breach of fiduciary duties under California law, (*id.* ¶¶ 146–47).

Now before the Court are multiple motions filed by the parties: Defendants' motion for summary judgment, (Dkt. 201), Defendants' motion for judgment on the pleadings, (Dkt. 208), Defendants' application to file documents under seal, (Dkts. 203, 206), Defendants' motion to exclude Plaintiffs' experts, (Dkt. 205), and Plaintiffs' motion for leave to file a Third Amended Complaint, (Dkt. 209).  For the following reasons, Plaintiffs' motion for leave to file a Third Amended Complaint is **GRANTED**, Defendants' applications to file documents under seal are **DENIED**, and Defendants' remaining motions are **DENIED in part and DENIED WITHOUT PREJUDICE in part**.[1]

## II.  MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT, MOTION FOR JUDGMENT ON THE PLEADINGS, AND MOTION FOR SUMMARY JUDGMENT

### A.  Relevant Background Facts

On August 23, 2016, Plaintiffs initiated this action by filing their Complaint.  (Dkt. 1.)  On September 28, 2016, Plaintiffs filed a First Amended Complaint.  (Dkt. 17.)  On December 1, 2016, the Court granted in part Defendants' motion to dismiss the First Amended Complaint with leave to amend.  (Dkt. 33.)  In response, Plaintiffs filed the SAC, incorrectly styled as a "Third Amended Complaint," on December 30, 2016.  (Dkt. 39.)

//
//

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for May 14, 2018, at 1:30 p.m. is hereby vacated and off calendar.

On September 28, 2017, Defendants informed Plaintiffs that they intended to bring a motion for judgment on the pleadings.  (Dkt. 215 at 3.)  Defendants also indicated that they would not bring such a motion if Plaintiffs were willing to withdraw certain claims.  (*Id*. at 3–4.)  Over the course of the following month, the parties discussed stipulating to allow Plaintiffs to file a Third Amended Complaint to avoid a motion for judgment on the pleadings, but the parties were ultimately unable to reach an agreement.  (*Id*. at 4–6.)  Each party blames the other party for their failure to reach an agreement.  Defendants claim that Plaintiffs refused to provide a draft of the proposed amendment, (*id*. at 6), while Plaintiffs claim that Defendants reneged on an agreement to stipulate when they retained new counsel, (Dkt. 209-2 at 5.)

On January 5, 2018, Defendants again informed Plaintiffs that they would move for judgment on the pleadings, and also indicated they would move for summary judgment. (Dkt. 215 at 6.)  Defendants filed those motions on January 12, 2018.  (Dkts. 155, 156.)  In response, Plaintiffs filed a motion for leave to file a Third Amended Complaint on January 12, 2018.  (Dkt. 165.)  On February 8, 2018, the Court denied the parties' motions without prejudice in light of their anticipated mediation.  (Dkt. 196.)  On April 9, 2018, the parties informed the court that they were not able to reach a settlement during mediation, and shortly thereafter the parties refiled their motions.  (Dkts. 201, 208, 209.)

**B.  Analysis**

Federal Rule of Civil Procedure 15 provides that after a party has been served with a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "In the absence of any apparent or declared reason— such as undue delay, bad faith or dilatory motive on the part of the movant, repeated

1  failure to cure deficiencies by amendments previously allowed, undue prejudice to the

2  opposing party by virtue of allowance of the amendment, futility of amendment, etc.—

3  the leave sought should, as the rules require, be 'freely given.'" *Eminence Capital, LLC*

4  *v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S.

5  178, 182 (1962)).  The policy favoring amendment is to be applied with "extreme

6  liberality," and the party opposing the motion has the burden to convince the court that

7  justice requires denial.  *Id.* at 1051; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186–

8  87 (9th Cir. 1987).  Absent prejudice, or a strong showing of the remaining factors, there

9  exists a presumption under Rule 15(a) in favor of granting leave to amend.  *Eminence*

10  *Capital*, 316 F.3d at 1052.

11

12      The Court finds that leave to amend is warranted here, particularly given the

13  standard of extreme liberality.  All of Defendants' objections are not viable.  Defendants

14  argue that Plaintiffs acted in bad faith and unduly delayed amendment, but Plaintiffs'

15  delay in bringing their motion was due to both parties' delay in filing motions and both

16  parties' failure to reach an agreed upon stipulation.  Further, no trial date is currently

17  scheduled, so the amendment will not result in the delay of a trial.  Moreover, the Court

18  will allow Defendants to file dispositive motions in response to Plaintiffs' amended

19  allegations to avoid any risk of prejudice to Defendants.

20

21      Defendants also claim that Plaintiffs' allegations are futile and attack the legal

22  sufficiency of Plaintiffs' claims.  This argument is also insufficient to support denial of

23  Plaintiffs' motion.  Defendants' arguments go to the merits of Plaintiffs' allegations and

24  are more appropriately raised in the dispositive motions that Defendants will have an

25  opportunity to bring.

26

27  //

28  //

Based on the foregoing, Plaintiffs' motion for leave to file a Third Amended Complaint is **GRANTED**.  Plaintiffs are **DIRECTED** to file their Third Amended Complaint as a separate docket entry by **May 11, 2018**.  In light of this anticipated amendment, Defendants' motion for judgment on the pleadings and motion for summary judgement are **DENIED WITHOUT PREJUDICE**, and Defendants may refile these motions no later than **June 11, 2018**.

## III.  APPLICATIONS TO FILE UNDER SEAL

When Defendants filed their motion for summary judgment and their motion to exclude Plaintiffs' experts, they concurrently requested that certain documents in support of these motions be filed under seal.  (Dkts. 203, 206.)  Defendants' applications to file under seal are **DENIED**.

The public has a common law right of access to public records and documents, including judicial records and documents.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009).  There is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  A party seeking to overcome this strong presumption in connection with a dispositive motion bears the burden of showing "compelling reasons supported by specific factual findings" that "outweigh the general history of access and the public policies favoring disclosure." *Pintos*, 605 F.3d at 678.  Records filed in connection with non-dispositive motions can be sealed only upon a "particularized showing" of good cause.  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  "A party asserting good cause bears the burden, for *each particular document* it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130 (emphasis added).  The fact that the records have been designated "confidential" pursuant to a stipulated protective order does not provide the good cause required for sealing.

1  *Joint Equity Comm. of Investors of Real Estate Partners, Inc. v. Coldwell Banker Real*

2  *Estate Corp.*, No. SACV 10-401, 2012 WL 234396, at *2–3 (C.D. Cal. Jan. 24, 2012).

3

4  Defendants have failed to show compelling reasons—or even good cause—to

5  justify filing the requested documents under seal. Their applications merely state that the

6  documents were designated as "confidential" pursuant to the parties' stipulated protective

7  order, and that the documents contain "confidential business information." These blanket

8  assertions do not satisfy Defendants' burden of making a particularized showing of

9  compelling reasons for *each* item that they seek to file under seal.

10

11  The fact that the documents were marked confidential by one of the parties under a

12  stipulated protective order is not sufficient to warrant sealing the records on the Court's

13  docket. *See Foltz*, 331 F.3d at 1133 ("[A] party seeking the protection of the court via a

14  blanket protective order typically does not make the 'good cause' showing required by

15  Rule 26(c) with respect to any particular document."); *Joint Equity Comm.*, 2012 WL

16  234396, at *2 ("The parties can't simply proclaim that all 'confidential' documents must

17  be covered by a protective order, and later argue that documents are confidential *because*

18  they are covered by that order. This circular reasoning leads to situations, like the one

19  here, where the parties never actually explain *why* any documents should be withheld

20  from the public." (emphasis in original)). Further, Defendants' cursory and general

21  statement that the documents reflect "confidential business information" is insufficient.

22  This statement is not supported by any reference to a particular document, nor any

23  description of the purported business information at issue, nor any explanation why that

24  business information is confidential and should be sealed. The parties are advised that

25  any further applications to file under seal based on these blanket assertions are strongly

26  disfavored.

27

28  //

## IV.  MOTION TO EXCLUDE PLAINTIFFS' EXPERTS

On April 23, 2017, the Court issued a scheduling order which states, in relevant part, that "[a]ll discovery, including discovery motions, shall be completed by December 14, 2017." (Dkt. 65.)  The scheduling order also set a trial date for March 20, 2018.  (*Id*.)  On December 20, 2017, six days after the discovery cut-off date, Plaintiffs disclosed for the first time two experts, Robert Klein and Michael Einhorn, and served Defendants with their expert reports.  (Dkt. 205-2 at 3.)  Klein is Plaintiffs' liability expert on the false advertisement claim, and Einhorn is Plaintiffs' damages expert on the false advertising claim.  (*Id*. at 3–4.)  Defendants now move to exclude Klein and Einhorn as experts based on Plaintiffs' untimely disclosure and under *Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579 (1993).  (*See generally* Dkt. 205-2.)

The Court agrees with Defendants that the disclosure was untimely.  Pursuant to the Court's scheduling order, all discovery, including expert discovery, was to be completed by December 14, 2017.  This order required Plaintiffs to disclose their experts to Defendants sufficiently in advance of the discovery cut-off to allow Defendants to depose the experts and prepare rebuttals.  Plaintiffs nevertheless argue that their disclosure was timely under Federal Rule of Civil Procedure 26(a)(2)(D), which provides that a party must disclose their experts "at the times and in the sequence that the court orders."  The Rule also provides that "[a]bsent a stipulation or a court order, the disclosures must be made at least 90 days before the date set for trial."  Fed. R. Civ. P. 26(a)(2)(D)(i).  Plaintiffs argue that under Rule 26(a)(2)(D), they were required to make disclosures 90 days before trial.  (Dkt. 213 at 3.)  However, the 90-day deadline does not apply where, as here, the Court issued a scheduling order providing for a different deadline.  Rule 26 expressly states that the Court-ordered deadline applies in such circumstances.

Because Plaintiffs' disclosure of their experts was untimely, the Court may exclude the experts from testifying unless Plaintiffs' failure "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  Here, the original trial date has been vacated, a new trial date has not been set, and both parties have additional time to prepare for trial. There is therefore no indication that Defendants have been harmed by the late disclosure. Consequently, the Court finds that the drastic remedy of excluding Plaintiffs' experts is not warranted here.

The Court also finds that Defendants' arguments seeking to exclude the experts under *Daubert* are premature and more appropriately addressed on a motion *in limine* closer to trial.  The district court has inherent authority to manage the course of trials, including discretion over when to rule on a motion *in limine*.  *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979), *overruled on other grounds by Luce*, 469 U.S. 38.  Evidence will be excluded *in limine* only when the evidence is *clearly* inadmissible on all potential grounds.  When, as here, the proffered evidence does not meet this high standard, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."  *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400–01 (N.D. Ill. 1993).

Accordingly, Defendants' motion to exclude Plaintiffs' experts based on untimely disclosure is **DENIED**, and Defendants' motion under *Daubert* is **DENIED WITHOUT PREJUDICE**.

//
//
//
//

## V.  CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to file a Third Amended Complaint is **GRANTED**.  Plaintiffs are **DIRECTED** to file their Third Amended Complaint as a separate docket entry by **May 11, 2018**.  Defendants' motion for judgment on the pleadings and motion for summary judgement are **DENIED WITHOUT PREJUDICE**, and Defendants may renew these motions no later than **June 11, 2018**.  Defendants' applications to file under seal are **DENIED**.  Defendants' motion to exclude Plaintiffs' experts is **DENIED in part and DENIED WITHOUT PREJUDICE in part**.

DATED:     May 7, 2018

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE