**FILED**

APR 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VBS DISTRIBUTION, INC., AKA VBS Home Shopping, a California corporation; VBS TELEVISION, a California corporation, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> NUTRIVITA LABORATORIES, INC., a California corporation; NUTRIVITA, INC., a California corporation; US DOCTORS CLINICAL, INC., a California corporation; ROBINSON PHARMA, INC., a California corporation; KVLA, INC., a California corporation; TUONG NGUYEN, an individual domiciled in California; TRAM HO, an individual domiciled in California; JENNY DO, AKA Ngoc Nu, an individual domiciled in California, <br><br> Defendants-Appellees. | No. 18-56317 <br><br> D.C. No. 8:16-cv-01553-CJC-DFM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted February 12, 2020
Pasadena, California

Before: BYBEE, COLLINS, and BRESS, Circuit Judges.

Appellants VBS Distribution, Inc. and VBS Television (collectively, VBS) appeal the district court's grant of summary judgment to Appellees on VBS's claims for false advertising, trade dress infringement, misappropriation of trade secrets, breach of fiduciary duty, and civil conspiracy. Because the parties are familiar with the facts, we will not recite them here. We affirm in part, reverse in part, and remand for further proceedings.

1.   The district court granted summary judgment to the Supplement Defendants on VBS's false advertising claim because it found "no evidence [that VBS] suffered any economic or reputational injury" from the "100% tu duoc thao thien nhien" (translated as "100% natural herbal") statement. The Supplement Defendants allegedly made this statement about their own Arthro-7 diet supplement product in a 2013 newspaper advertisement.[1]

---

[1] The district court treated VBS's false advertising claim as based solely on this 2013 advertisement. In its reply brief, VBS asserted that the Supplement Defendants also made the "100% tu duoc thao thien nhien" statement in brochures and on the Arthro-7 box. Because VBS did not raise this issue until its reply brief, it is waived. *See, e.g.*, *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005). But even if we were to consider the assertions in VBS's reply brief, the result

(continued...)

When a party seeks damages for an allegedly false advertisement under the Lanham Act, "actual evidence of some injury *resulting from the deception* is an essential element of the plaintiff's case." *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 210 (9th Cir. 1989) (emphasis in original). Summary judgment is thus proper when the plaintiff "fail[s] to present any evidence of injury resulting from defendants' deception." *Id.* Later decisions have not altered this requirement. Most recently, in *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820 (9th Cir. 2011), we held that the plaintiffs could not prevail under the Lanham Act because they "didn't produce *any* proof of past injury or causation." *Id.* at 831 (emphasis in original). Nor did our discussion of the damages issue in *TrafficSchool.com* turn on the phase of the proceedings.

In this case, and to demonstrate injury, VBS came forward with a declaration from its CEO stating that

> These false Advertisements have deprived us from being able to fairly compete in the marketplace, and have diverted sales away from us. When customers see the two similar products they will be persuaded by the content on the packaging, such as the false claims made in the Advertisements. The false claims cause consumers to believe their

---

[1](...continued)
would be the same because VBS has not brought forward evidence sufficient to create a genuine dispute of material fact that the allegedly false statement caused injury to VBS.

3

>product is superior to ours, and that causes consumers to purchase their
>product over ours.

This declaration is the only evidence of injury that VBS references in its opening brief in claiming that "[t]his is all that VBS had to show in order to survive summary judgment on the likelihood of injury element of its false-advertising claim."

VBS is not correct. The CEO's declaration does not create a genuine dispute of material fact that the "100% tu duoc thao thien nhien" statement injured VBS. "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), as amended (Apr. 11, 1997). Here, the CEO's declaration is not specific to the "100% tu duoc thao thien nhien" statement, but refers collectively to various allegedly false statements, most of which are no longer at issue in this case. The CEO's declaration is also entirely conclusory in nature.

VBS's evidence, which the dissent acknowledges is "sparse" and "thin," falls well short of the quantum of evidence this court has described as "adequate . . . for a reasonable jury to conclude that Plaintiffs suffered actual injury as a result of Defendants' advertisements." *Southland Sod Farms v. Stover Seed Co.*, 108

F.3d 1134, 1146 (9th Cir. 1997) (plaintiff came forward with testimony from consumer survey and economics expert); *see also Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1411 (9th Cir. 1993) (plaintiff came forward with "credible proof of the fact of damage" based on evidence of a wholesale distributor switching products), *abrogated on other grounds by SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179 (9th Cir 2016) (en banc). The dissent's contrary approach would enable every Lanham Act plaintiff to survive summary judgment, which is not correct.

Accordingly, we affirm the grant of summary judgment to the Supplement Defendants on VBS's false advertising claim.[2]

2. When granting summary judgment to the Show Defendants on the trade dress infringement claims, the district court found that VBS "ma[d]e no showing that the alleged trade dress has nonfunctional features or a nonfunctional arrangement." "Trade dress refers generally to the total image, design, and appearance of a product and may include features such as size, shape, color, color combinations, texture or graphics." *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251

---

[2] In its reply brief, VBS argues that the district court erred because proof of past injury is not required to obtain an injunction under the Lanham Act, and VBS's complaint seeks injunctive relief. But VBS failed to challenge the district court's denial of injunctive relief in its opening brief, and so waived this issue on appeal. *See Kama*, 394 F.3d at 1238.

F.3d 1252, 1257 (9th Cir. 2001) (internal quotation marks omitted). In a trade dress infringement case, a court must "focus *not* on the individual elements, but rather on the overall visual impression that the combination and arrangement of those elements create." *Id.* at 1259.

VBS presented no evidence to raise a disputed issue of fact as to whether its alleged trade dress is nonfunctional. VBS submitted two declarations—one from a vendor and another from VBS's CEO—that assert that VBS's television show has a distinctive and nonfunctional "look and feel." But these conclusory statements do not describe how the combination of the elements of VBS's claimed trade dress creates a distinct visual impression. The same is true of the three still images of VBS's television show that VBS submitted. These images do nothing to demonstrate how the show's format or VBS's lighting technique combine in a nonfunctional way. To the contrary, the testimony of VBS's CEO suggests that the selection and arrangement of the elements of VBS's alleged trade dress were driven by functionality concerns. In light of VBS's lack of proof of nonfunctionality, we affirm the grant of summary judgment to the Show Defendants on the trade dress infringement claims.

3.   The district court granted summary judgment to the Show Defendants on the misappropriation of trade secrets claims after concluding that VBS provided "no

evidence that [its] customer lists were kept confidential," particularly because VBS admitted that it shared the identity of its customers with its vendors. To succeed on this element of its claims, VBS must show merely that it took "reasonable measures to keep [the relevant] information secret." 18 U.S.C. § 1839(3)(A); *see also* Cal. Civ. Code § 3426.1(d)(2) (requiring that the information be "the subject of efforts that are reasonable under the circumstances to maintain its secrecy").

VBS's evidence was sufficient to create a disputed issue of fact as to whether it took reasonable measures to ensure the secrecy of its customer lists. Multiple declarations from VBS employees confirmed that VBS's customer lists are stored on computers that are password-protected. VBS requires its employees to sign confidentiality agreements, and its employment agreements with Appellee Tram Ho obligated her to keep VBS's "customer lists" confidential. All these measures indicate that VBS reasonably maintained the secrecy of the customer lists. *See MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 521 (9th Cir. 1993) (noting that a requirement that "employees . . . sign confidentiality agreements" can satisfy a party's burden to take reasonable measures to "insure the secrecy" of the relevant information).

VBS's misappropriation claims do not fail at summary judgment merely because VBS provided the identities of its customers to its vendors. Providing

alleged trade secrets to third parties does not undermine a trade-secret claim, so long as the information was "provided on an understanding of confidentiality." *United States v. Nosal*, 844 F.3d 1024, 1043 (9th Cir. 2016); *see also United States v. Chung*, 659 F.3d 815, 825–26 (9th Cir. 2011) (noting that "oral and written understandings of confidentiality" can qualify as "reasonable measures" to keep information confidential). VBS's CEO testified that he orally reviews VBS's "policy" and "guidelines" with all of VBS's vendors, including the obligation to maintain the confidentiality of VBS's customer information. One vendor's declaration confirmed this obligation existed, even though no confidentiality provision appears in the written agreement between that vendor and VBS.

In short, VBS presented sufficient evidence of its reasonable measures to keep its customer lists secret. Accordingly, we reverse the grant of summary judgment to the Show Defendants on the misappropriation claims with respect to the customer lists only. Because the district court did not address the other elements of VBS's misappropriation claims, neither do we. Upon remand, the district court may determine whether summary judgment for the Show Defendants is appropriate based on the other elements of VBS's misappropriation claims. *See Millennium Labs., Inc. v. Ameritox, Ltd.*, 817 F.3d 1123, 1126 n.1 (9th Cir. 2016).

4. The district court *sua sponte* converted the Show Defendants' motion for judgment on the pleadings to a motion for summary judgment on VBS's breach of fiduciary duty and civil conspiracy claims, and then granted summary judgment to the Show Defendants. When a district court converts a motion for judgment on the pleadings to a motion for summary judgment, the court typically must afford the non-moving party "10 days notice and an opportunity to present new evidence." *Cunningham v. Rothery (In re Rothery)*, 143 F.3d 546, 549 (9th Cir. 1998) (addressing conversion of a motion to dismiss); *see also* Fed. R. Civ. P. 12(d) (noting that, when a district court converts a motion for judgment on the pleadings to a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion"). But no notice is required if the non-moving party previously "had a full and fair opportunity to ventilate the issues involved in the motion." *United States v. Grayson*, 879 F.2d 620, 625 (9th Cir. 1989) (internal quotation marks omitted).

VBS was given no notice before the district court converted the motion and granted summary judgment to the Show Defendants. Nor did VBS have a sufficient opportunity to "ventilate the issues" raised by its breach of fiduciary duty and civil conspiracy claims. Prior to the district court's summary-judgment order, the only judicial ruling on these claims was the district court's prior order granting

a motion to dismiss those claims with leave to amend. Because a district court is limited to the pleadings when resolving a motion for judgment on the pleadings, VBS had no reason to present evidence beyond its complaint to support these claims. As a result, the lack of notice prejudiced VBS. Thus, we reverse the grant of summary judgment to the Show Defendants on the breach of fiduciary duty and civil conspiracy claims. Because we reverse the district court based on a procedural defect, we do not address the merits of these claims.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Each party shall bear its own costs.

FILED

APR 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*VBS Distribution, Inc. v. Nutrivita Labs., Inc.*, No. 18-56317

BYBEE, J., concurring in part and dissenting in part:

I concur in the majority's conclusions regarding VBS's trade dress infringement claims, the misappropriation claims, and the district court's conversion of the motion for judgment on the pleadings to a motion for summary judgment. But I disagree with the majority's decision to affirm the district court's grant of summary judgment to the Supplement Defendants on VBS's false advertising claim. Accordingly, I respectfully dissent from that portion of the memorandum disposition.

A plaintiff's burden at the summary-judgment stage to demonstrate injury caused by a false advertisement is quite lenient. As we explained in *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134 (9th Cir. 1997), "an inability to show actual damages does not alone preclude a recovery under" the Lanham Act. *Id.* at 1146 (internal quotation marks omitted). Indeed, a false advertising claim can be successful and damages may be awarded "even without a showing of actual consumer confusion." *Id.* All the Lanham Act requires is evidence tending to show that the false advertisement "likely" caused injury. *See* 15 U.S.C. § 1125(a)(1)(A). This lenient standard "allows the district court in its discretion to fashion relief, including monetary relief, based on the totality of the circumstances." *Southland Sod Farms*, 108 F.3d at 1146; *see also* 15 U.S.C.

§ 1117(a) ("[S]ubject to the principles of equity," a successful "plaintiff shall be entitled . . . to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action.").

    Although VBS's evidence of injury is sparse, I believe it is sufficient to survive summary judgment. The district court found that a jury could reasonably conclude that the "100% tu duoc thao thien nhien" statement is false. Assuming that finding is correct (and the Supplement Defendants do not argue otherwise), a jury could also reasonably conclude that the false advertisement harmed VBS's sales of JN-7 Best. VBS's evidence shows that, where JN-7 Best is sold, Arthro-7 is sometimes the only competing product and is displayed alongside JN-7 Best on the same shelf.[1] In his declaration, VBS's CEO described VBS's target consumers as Vietnamese individuals who "value vegetarianism," so the advertisement that Arthro-7 is entirely herbal could reasonably affect those consumers' purchasing decisions. Because the false statement appeared on multiple Arthro-7 advertisements, including a well-circulated Vietnamese newspaper, it is reasonably

---

[1] VBS's evidence at summary judgment includes its third amended complaint. Ordinarily, a complaint's allegations are not evidence at the summary-judgment stage. *See Moran v. Selig*, 447 F.3d 748, 759 (9th Cir. 2006). But where, as here, the complaint is verified, the complaint "serve[s] as an affidavit for purposes of summary judgment if it is based on personal knowledge and if it sets forth the requisite facts with specificity." *Id.* n.16.

likely that the false statement induced some consumers to purchase Arthro-7 rather than JN-7 Best. Indeed, VBS's CEO stated that the Supplement Defendants' "false [a]dvertisements have deprived us from being able to fairly compete in the marketplace, and have diverted sales away from us." In short, although VBS's evidence of injury is thin, I believe it is sufficient to create a disputed issue as to whether the false advertisement injured VBS, rendering the grant of summary judgment improper.

In reaching the opposite conclusion, the majority relies on *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197 (9th Cir. 1989), which held that "actual evidence of some injury resulting from the deception is an essential element of the plaintiff's case." *Id.* at 210 (emphasis omitted). The majority cites *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820 (9th Cir. 2011), for the same proposition. But the plaintiffs in those cases "failed to present any evidence of injury." *Harper House*, 889 F.2d at 210; *see also TrafficSchool.com*, 653 F.3d at 831 (denying plaintiffs an award of profits because they "didn't produce *any* proof of past injury or causation").

That is not the case here. VBS has presented evidence of "some injury." *Harper House*, 889 F.2d at 210. Although VBS's evidence does not specify the amount of damages, that level of detail is not required to survive summary

3

judgment. *See Southland Sod Farms*, 108 F.3d at 1146 (noting that a plaintiff need not "show actual damages" to succeed on a Lanham Act claim); *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1410–11 (9th Cir. 1993) (same), *abrogated on other grounds by SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179 (9th Cir. 2016) (en banc) (per curiam). I acknowledge that the evidence of injury VBS has produced may be weaker than the evidence presented by the plaintiffs in *Southland Sod Farms* and *Lindy Pen*. *See Southland Sod Farms*, 108 F.3d at 1146 (plaintiff submitted testimony from a consumer survey expert and a market analysis expert); *Lindy Pen*, 982 F.2d at 1411 (plaintiff's evidence demonstrated that "at least one wholesale distributor engaged in switching its product"). At trial, VBS may well lose if it is unable to provide anything stronger. But at this stage of the proceedings, we are not permitted to "weigh the evidence." *Southland Sod Farms*, 108 F.3d at 1138. Because VBS has presented some evidence of injury, the Supplement Defendants' summary-judgment motion should have been denied.[2]

---

[2] Contrary to the majority's suggestion, my approach does not "enable every Lanham Act plaintiff to survive summary judgment." Maj. Mem. Disp. at 5. A plaintiff must demonstrate a genuine dispute of material fact relating to all five elements of a false advertising claim to defeat a summary-judgment motion. *See Southland Sod Farms*, 108 F.3d at 1139. Although our precedents have applied a more lenient standard to the element of injury, no such leniency has been applied to the other four elements. Thus, my approach is relevant only when, as here, the plaintiff has already demonstrated a genuine dispute as to those other elements.

I respectfully dissent.