FILED
CLERK, U.S. DISTRICT COURT

1/12/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| VBS DISTRIBUTION, INC., and VBS TELEVISION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>NUTRIVITA LABORATORIES, INC., NUTRIVITA, INC., US DOCTORS' CLINICAL, INC., ROBINSON PHARMA, INC., KVLA, INC., TUONG NGUYEN, TRAM HO, and JENNY DO a/k/a NGOC NU,<br><br>Defendants. | Case No.: SACV 16-01553-CJC(DFMx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Dkt. 335]** |

## I. INTRODUCTION

In 2016, Plaintiffs VBS Distribution, Inc. ("VBS Distribution") and VBS Television, Inc. ("VBS Television") brought this case against Defendants Nutrivita Laboratories, Inc., Nutrivita, Inc., US Doctors' Clinical, Inc., Robinson Pharma, Inc., KVLA, Inc., Tuong Nguyen, Tram Ho, and Jenny Do a/k/a Ngoc Nu. (Dkt. 229 [Third Amended Complaint, hereinafter "TAC"].) Plaintiffs initially alleged thirteen causes of action, but their only remaining claims are for trade secret misappropriation arising out of the parties' competing television programs. Now before the Court is Defendants' motion for summary judgment on Plaintiff's only remaining claims. (Dkt. 335-2 [hereinafter, "Mot."].) For the following reasons, Defendants' motion for summary judgment is **GRANTED**.[1]

## II. BACKGROUND

Plaintiff VBS Television is a television broadcast company "primarily aimed at the Vietnamese community and is broadcast primarily in the Vietnamese language." (TAC ¶ 24.) VBS Television produces a show named "DAU GIA TREN TRUYEN HINH," which translates to "Fight Price on Television" ("Fight Price"). (*Id.* ¶ 27.) Fight Price is a live auction program which primarily auctions diamonds. (*Id.*) It was created in 2011, and in April 2012, Defendant Tram Ho became a co-host. (*Id.* ¶ 60.)

Plaintiffs allege that in the spring of 2016, when Ho was still working for VBS Television, she began appearing on a new, rival television show called "Diamond at a Surprise Low Price" ("Surprise Low Price"), which is produced by Defendant KVLA

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for January 25, 2020, at 1:30 p.m. is hereby vacated and off calendar.

(collectively with Jenny Do and Tram Ho, the "Show Defendants"). (*Id.* ¶ 67.) Plaintiffs claim that Surprise Low Price is essentially identical to their show, Fight Price. (*Id.* ¶¶ 71–73.) While Surprise Low Price is also a home-shopping show that sells jewelry, it sells products at a fixed price rather than by auction. (Dkt. 156-3 [Declaration of Jenny Do] ¶ 2.) Plaintiffs allege that the Show Defendants, through Tram Ho, have stolen Plaintiffs' customer information and used that information to solicit customers for Surprise Low Price. (*Id.* ¶¶ 77–84.)

In August 2020, Defendants submitted a motion for summary judgment on several of Plaintiffs' claims, including their claims for trade secret misappropriation. (Dkt. 310). The Court denied summary judgment on Plaintiff's claims for trade secret misappropriation because genuine issues of material fact exist as to (1) whether a trade secret exists and (2) whether Defendants misappropriated that trade secret. (Dkt. 331.) The Court did not consider whether Plaintiffs suffered damages due to Defendants' trade secret misappropriation. Now before the Court is Defendants' motion for summary judgment on that issue. (Mot.)

**III. SUMMARY JUDGMENT STANDARD**

The Court may grant summary judgment on "each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment is proper where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A factual issue is "genuine" when there is sufficient evidence such that a reasonable trier of fact could resolve the issue in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" when its resolution might affect the outcome of the suit under the governing law. *Id.*

"Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 249. The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 325.

As in this case, when the nonmovant would bear the burden of proof at trial, the moving party may discharge its burden of production by either (1) negating an essential element of the opposing party's claim or defense, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–60 (1970), or (2) showing that there is an absence of evidence to support the nonmoving party's case, *Celotex Corp.*, 477 U.S. at 325. If the movant meets this burden, the nonmoving party must set forth, by affidavit, or as otherwise provided under Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The court must examine all the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *Id.*; *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987).

The court does not make credibility determinations, nor does it weigh conflicting evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992). But conclusory and speculative testimony in affidavits and moving papers is insufficient to raise triable issues of fact and defeat summary judgment. *Thornhill Pub. Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

**IV. DISCUSSION**

Defendants move for summary judgment on Plaintiffs' only remaining claims for trade secret misappropriation. They argue that Plaintiffs fail to create a genuine dispute that Defendants' trade secret misappropriation damaged Plaintiffs. The Court agrees that summary judgment is warranted.

1 Plaintiffs assert trade-secret-misappropriation claims against the Show Defendants under the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426.1, and the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1839(3).  Specifically, Plaintiffs allege that the Show Defendants misappropriated Plaintiffs' proprietary customer information, which includes customers' names, contact information, and prior purchases.  (*See* Dkt. 331.)

To state a claim for misappropriation of trade secrets, a plaintiff must allege that "(1) the plaintiff owned a trade secret, (2) the defendant acquired, disclosed, or used the plaintiff's trade secret through improper means, and (3) the defendant's actions damaged the plaintiff."  *Cytodyn, Inc. v. Amerimmune Pharm., Inc.*, 160 Cal. App. 4th 288, 297 (2008) (quoting *Sargeant Fletcher, Inc. v. Able Corp.*, 110 Cal. App. 4th 1658, 1665 (2003)).[2]

Plaintiffs argue that Defendants' trade secret misappropriation damaged them because their show, Fight Price, lost sales to Defendants' newer show, Surprise Low Price.  But Plaintiffs fail to demonstrate either that any decline in their show's sales occurred or that such a decline was due to Defendants' trade secret misappropriation.

While Plaintiffs' opposition asserts that "their sales data shows a decline after Defendants began soliciting [their] customers using [their] trade secret information," Plaintiffs have not provided any evidence of this decline in sales.  (*See* Dkt. 341 [hereinafter "Opp."] at 6.)  Plaintiffs attempt to rely on the declaration of Madalynn Huynh and an exhibit which lists the purchase history of 230 customers who had bought

---

[2] A "trade secret" is information that (1) "[d]erives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) [i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy."  Cal. Civ. Code § 3426.1(d); 18 U.S.C. § 1839(5) (providing a substantially similar definition of "trade secret" but also requiring that a "trade secret" cannot be "readily ascertainable . . . by another person").

products from both Plaintiffs' and Defendants' shows. (*See* Opp. at 13, 14, 19, 26 [citing also to portions of the statement of disputed facts which cite to Huynh's declaration]; Dkt. 341-4 [Declaration of Madalynn Huynh, hereinafter "Huynh Decl."] ¶¶ 4–5, Ex. A.) Although Huynh's declaration states that these 230 customers purchased products from both Defendants' and Plaintiffs' shows, she does not assert that these customers began purchasing less products from Plaintiffs' show at any time. (Huynh Decl. ¶¶ 4–5.) Additionally, the exhibit cited by Plaintiffs simply lists the prior purchases of these consumers, but it does not demonstrate that their purchases from Plaintiffs' show declined at any time. (*See id.* Ex. A.)

Furthermore, Plaintiffs fail to demonstrate that any decline in their sales was due to Defendants' trade secret misappropriation. Plaintiffs contend that Defendants' misappropriation caused their purported decline in sales based on evidence that (1) 230 of Defendants' customers had previously purchased products through Plaintiffs' show and (2) Tram Ho sent text messages to two of Plaintiffs' customers soliciting them to watch Defendants' show. (Opp. at 12–13, 16–17.) This evidence fails to create a genuine dispute that any purported decline in Plaintiffs' sales was caused by Defendants' misappropriation.

First, Plaintiffs cannot demonstrate that any of the 230 customers who purchased products from both Plaintiffs and Defendants were solicited by Defendants. (*See* Opp. at 12–13; Huynh Decl." ¶¶ 4–5.) The fact that 230 people purchased jewelry from both Plaintiffs' and Defendants' shows does not indicate that Defendants solicited these customers using Plaintiffs' proprietary customer information. *See Empire Today, LLC v. Nat'l Floors Direct, Inc.*, 788 F. Supp. 2d 7, 30 (D. Mass. 2011) ("Plaintiff's reliance on the fact that an increase in [Defendant's] sales corresponded to a decrease with Plaintiff's sales only proves a correlation, not a causation."). This is especially true considering that both shows would likely appeal to a similar audience because they sell jewelry and are

targeted at Vietnamese viewers. Plaintiffs' assertion that these customers must have purchased products through Defendants' show as a result of Defendants' trade secret misappropriation is pure speculation and thus cannot create a genuine dispute. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

Second, Plaintiffs argue that their purported decline in sales was caused by Defendants' trade secret misappropriation because Defendant Tram Ho sent text messages to two of Plaintiffs' customers soliciting them to watch Defendants' new show. But Plaintiffs present no evidence that these customers either tuned in to Defendants' show or reduced their purchases from Plaintiffs' show. (*See* Opp. at 16–17.) Accordingly, Plaintiffs' assertion that Ho's solicitations damaged them is purely speculative and insufficient to create a genuine dispute of fact. *See Soremekun*, 509 F.3d at 984.

## V. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is **GRANTED**.

DATED: January 12, 2021

HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE